IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Laura Epstein, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> Rockford Public Schools Dist. 205, et. al., <br><br> Defendants. | Case No.: 24-cv-50085 <br><br> Judge Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

In February 2024, Plaintiff Laura Epstein filed suit on behalf of herself and her minor child, ME, against Rockford Public School District 205, affiliated individuals, and other state bodies [1]. Epstein alleged that school officials failed to comply with state and federal law by failing to provide certain resources and accommodations to her developmentally disabled son [60]. She filed a due process complaint with the Illinois State Board of Education. *Id*. After a six-day hearing, an impartial hearing officer denied Epstein's requested relief. *Id*. As set out in this Court's order dismissing her Third Amended Complaint, a series of complaints and missed deadlines followed [65].

On July 15, 2025, the Court granted Defendants' motion to dismiss this case with prejudice *Id*. Defendants now seek costs and attorneys' fees [67]. For the following reasons, the Court awards Defendants $5,940.00 in costs. Defendants' motion for attorneys' fees is denied for the following reasons.

I.   Bill of Costs

Courts are authorized to award costs to prevailing parties. Fed. R. Civ. P. 54. ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party.") District Courts have "broad discretion" to decide how to award costs. *Zahran v. Cleary Bldg. Corp.*, 2 F. App'x 497, 499 (7th Cir. 2001) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)). A court may tax as costs both the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and the fees for copying any materials "necessarily obtained for use in the case" 28 U.S.C. §§ 1920(2), 1920(4). This includes transcripts from other proceedings. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *see Stragapede v. City of Evanston,* 215 F. Supp. 3d 708, 723 (N.D. Ill. 2016) (holding that the prevailing party could receive costs for the expense of obtaining transcripts from an arbitration).

Under the Individuals with Disabilities Education Act (the "IDEA") the court "shall receive records of the administrative proceedings." 20 U.S.C. § 1415(i)(2)(C)(i). Because Defendants provided these records to the Plaintiffs and they were necessarily acquired for this case, this Court finds that costs of producing the documents are a cost Defendants can now recover from Plaintiffs.

Local Rule 54.1 makes clear that the costs of copying a transcript "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." LR 54.1(b). No other rate

2

was established by this Court. The cost established by the Judicial Conference is $4.40 per page. Multiplying this rate by the 1,350 pages in the transcript results in $5,940.00. Defendants are entitled to an award of $5,940.00 from Plaintiffs.

II.     Attorneys' Fees

Defendants also contend they are entitled to $16,428.50 in reasonable attorneys' fees as the prevailing party under the IDEA only. Dkt. 67 ¶ 4.

A. Statutory Basis for Fee Award

Starting any legal analysis by considering statutory language is best practice. *See BedRoc Ltd., LLC v.* United States, 541 U.S. 176, 183 (2004). Indeed, as to Defendants' request for fees against attorney Christopher Taylor, the language is dispositive.

The IDEA allows prevailing parties to recover attorneys' fees. 20 U.S.C. § 1415 (i)(3)(B)(i). Under Subsections § 1415(i)(3)(B)(i)(II) and § 1415(i)(3)(B)(i)(III) a court has discretion to award reasonable attorney fees to a prevailing state or local education agency in two narrow circumstances:

> (II) against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or (III) against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

Defendant school district, as a local educational agency, is an appropriate prevailing party. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998)

(determining that a defendant who prevailed on a motion to dismiss in an ADA case is a prevailing party for purposes of attorneys' fees).

The statute specifies that prevailing defendants can only recover from certain parties — "the attorney of a parent" or "the parent." 20 U.S.C. § 1415(i)(3)(B)(i)(II)–(III). Christopher Taylor is neither, as he points out in his response. He is an attorney for the child, not for a parent. Dkt. 7. For purposes of the IDEA, a parent is:

> (A) a natural, adoptive, or foster parent of a child (unless a foster parent is prohibited by State law from serving as a parent);
> (B) a guardian (but not the State if the child is a ward of the State);
> (C) an individual acting in the place of a natural or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare; or
> (D) except as used in sections 1415(b)(2) and 1439(a)(5) of this title, an individual assigned under either of those sections to be a surrogate parent.

20 U.S.C. 1401 (23).

Defendants point to one case where a court held that a child was a "parent" under the IDEA because he was "legally responsible" for his own welfare under 1401 (23) subsection C since he had reached the age of majority. *J.S. v. New York State Dep't of Corr. & Cmty. Supervision,* 76 F.4th 32, 42 (2d Cir. 2023). ME is not responsible for his own welfare because the complaint was brought when he was a minor. Dkt. 60 at ¶59. Under the IDEA's unambiguous plain language, Taylor is not the attorney of a parent or a parent himself. *See BedRoc,* 541 U.S. at 183 ("Thus, our inquiry begins with the statutory text and ends there as well if the text is unambiguous.").

To counter the text of the statute, Defendants argue, in effect, that Taylor was really Epstein's attorney. They claim that an attorney for a child is really acting on

4

behalf of the parent because parents retain the child's rights and that Taylor's conduct during the litigation indicates that he "acted on [Epstein's] behalf or under her direction." Dkt. 74 at 2–4. First, as Defendants rightly point out, both Epstein and Taylor signed the Plaintiffs' filings. The fact that counsel for one plaintiff made all the filings or personally prepared some of them can't indicate that Taylor failed to exercise his independent judgment as attorney for ME. Co-counsel regularly divide duties between themselves. Second, children have their own interests requiring representation separate from their parents. *Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015). Because Taylor is not the attorney of a parent or a parent himself, Defendants can't recover from Taylor.

Defendants can recover from Epstein under § 1415(i)(3)(B)(i)(III) provided that her "complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

It is less clear whether Defendants can recover from Epstein under § 1415(i)(3)(B)(i)(II) (allowing recovery from an "attorney of a parent"). The cases that deal with attorney-parents conclude that attorney-parents cannot recover attorneys' fees should they prevail. *See e.g.*, *Frudden v. Pilling*, 801 F. App'x 546, 547 (9th Cir. 2020); *Pardini v. Allegheny Intermediate Unit,* 524 F.3d 419, 425 (3d Cir. 2008); *S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.,* 448 F.3d 601, 603–04 (2d Cir. 2006); *Nader v. St. Tammany Parish Sch. Bd.*, No. 18 CV 3861, 2019 U.S. Dist. LEXIS 89628, at *15

5

(E.D. La. May 29, 2019). These cases do not deal with whether an attorney-parent is liable under § 1415(i)(3)(B)(i)(II).

In *I.S. ex rel. Sepiol v. Sch. Town of Munster*, which directly addresses the issue, the district court concluded that an attorney-parent is not liable for fees as the statutory scheme sets out different standards of conduct for the two classes, and parents "should not necessarily be punished" for bringing frivolous litigation that does not have an improper purpose. *I.S. ex rel. Sepiol v. Sch. Town of Munster*, No. 2:11 CV 160, 2012 U.S. Dist. LEXIS 36766, at *10–11 (N.D. Ind. Mar. 19, 2012). At the same time, a lawyer who successfully represents him or herself *pro se* in civil rights litigation cannot recover attorneys' fees. *Kay v. Ehrler*, 499 U.S. 432, 438, (1991) Congress chose to predicate an award on the presence of an attorney-client relationship to encourage successful litigation. *Id.* ("a lawyer who represents himself has a fool for a client"); *Doe v. Bd. of Educ. of Baltimore Cnty.*, 165 F.3d 260, 262 (4th Cir. 1998) (applying *Kay* to the IDEA). Given that adage and the goal of effective litigation, a rule that encourages an attorney-parent to hire an attorney to represent them would likely lead to better litigation consistent with *Kay*. 499 U.S. at 438. However, this would also create a strange situation that requires an attorney-parent to pay fees for filing a frivolous case without allowing attorney-parents to recover fees when they are the prevailing party.

Courts interpret statutes according to their plain language. *United States v. Foy*, 50 F.4th 616, 622–23 (7th Cir. 2022). Words and phrases should be given their ordinary dictionary meaning. *Schneider Nat'l Leasing, Inc. v. United States*, 11 F.4th

6

548, 559 (7th Cir. 2021). Although text is paramount, the structure of the IDEA and the context of the language within the statutory scheme require consideration as well. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 523, 530–33 (2007). Given its ordinary meaning, the phrase "attorney of a parent" implies that the attorney and the parent are separate entities. The IDEA's structure bolsters this reading as the statute uses subsections to treat parents differently from their attorneys. *Munster*, 2012 U.S. Dist. LEXIS 36766, at *10. In an otherwise barebones response, Epstein noted that she was "not represented by counsel and was representing herself in this matter." Dkt. 68 ¶ 2. Yet, even in reply, Defendants provided no authority indicating that an attorney-parent is covered by subsection II. In the absence of any contrary authority, Epstein shouldn't be considered an attorney of a parent for the purposes of fee-shifting and Defendants cannot proceed under subsection II.

B. Recovery under 20 U.S.C. § 1415(i)(3)(B)(i)(III)

To recover under subsection III of the IDEA, Plaintiffs' complaint or subsequent cause of action must have been "presented for [an] improper purpose[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(III). A non-frivolous claim can never be presented for an improper purpose. *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). Defendants acknowledge that they don't consider the underlying due process complaint frivolous. Dkt. 70 at 4. They do argue that the subsequent federal lawsuit was frivolous, s*ee* dkt. 67, and Plaintiffs only make a bare and conclusory response, *see* dkt. 68.

But even accepting the frivolity of the lawsuit, Defendants don't successfully show that it was brought for an improper purpose. An action is brought for an improper purpose if the goal of the action is "to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III). Courts must consider whether the action itself was brought for an improper purpose. *Id.* But this Court doesn't need to ignore Plaintiffs' conduct during the litigation as that conduct could be evidence of an improper purpose. *Munster*, 2012 U.S. Dist. LEXIS 36766, at *13–14 ("[a] litigant who files a frivolous complaint with harassment in mind is, after all, bound to keep harassing.") In *Munster*, at the motion to dismiss stage, the court considered allegations that the plaintiffs first threatened the school with "costly litigation," made redundant filings and records requests, and "conducted the litigation in a way that maximized costs and inefficiency to the School" by "failing to fulfill their document submission obligations and cancelling hearings via fax at the last minute." *Id.* at 6.

In this case, despite claiming that the purpose of the lawsuit and Plaintiffs' subsequent actions were to delay the proceedings, Defendants provided scant evidence to support that allegation beyond pointing to the Plaintiffs' repeated failure to meet filing deadlines. Although this could be some evidence of an improper purpose, without more, it doesn't allow the court to conclude that Plaintiffs engaged in this litigation specifically to cause delay, harass the Defendants, or to increase the cost of litigation. The delays may very well indicate mere negligence. *See Hollis v.*

8


*Ceva Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 624 (N.D. Ill. 2022) (explaining Hanlon's Razor).

This lawsuit was brought by an aggrieved parent struggling with the care of her child. Although the suit was ineffectively pled and pursued, that alone is not enough to justify the award of attorneys' fees under the statute. Defendants' motion for attorneys' fees is denied.

III. Conclusion

For the reasons stated above, Defendants' motion for fees and costs [67] is denied in part and granted in part as follows: the request for costs is granted for $5,940.00, but the request for attorneys' fees is denied.

Entered: September 23, 2025   By: _____
                                  Iain D. Johnston
                                  U.S. District Judge